**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MEF:KCM
F. #2025R00068

*610 Federal Plaza*
*Central Islip, New York 11722*

September 2, 2025

By ECF

The Honorable Sanket J. Bulsara
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: United States v. Marcella Marra
Criminal Docket No. 25-CR-288 (SJB)

Dear Judge Bulsara:

The government respectfully submits this letter in connection with the sentencing of defendant Marcella Marra (hereinafter, "Marra" or the "defendant") in the above-captioned matter, which is presently scheduled for September 17, 2026 before this Court, and in response to the defendant's sentencing memorandum, dated July 27, 2026 ("Def. Mem."), which seeks a non-incarceratory sentence of probation and an unspecified period of home-confinement.

As agreed by the parties, the applicable sentencing range under the United States Sentencing Guidelines ("Guidelines") is 33 to 41 months' imprisonment, as set forth herein. See Def. Mem, at p. 3. The government respectfully requests, pursuant to the terms of the plea agreement, that the Court impose a sentence within the Guidelines range, and issue an order of restitution in the amount of $2,500,000, for the reasons discussed herein. Such a sentence would be sufficient, but not greater than necessary, to, *inter alia*, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## Background

### A. Marra's Offense Conduct

The defendant's conviction stems from her intentional misuse of her corporate credit card and manipulation of the corporation's electronic record-keeping system, which she did to conceal substantial personal, non-business-related expenses. PSR ¶¶ 3, 4. In total, as a result of the defendant's theft, her corporate employer suffered a loss of approximately $2.5 million.

From February 2020 through January 2025, the defendant was employed by Welly Health ("Welly"), a Minneapolis, Minnesota, based manufacturer and distributor of bandages and other first-aid products.[1] PSR ¶ 4, 48. During her time with Welly, the defendant was employed as the company's controller and oversaw the company's day-to-day financial operations. Id. As part of her duties and responsibilities, Marra had access to credit cards that were linked to the company, as well as full control of the company's electronic record-keeping system, which reflected charges on the credit cards. Id. The company credit cards were intended to be used for business-related expenses, and as such, the balances were paid by Welly. Id. Marra, a trusted employee, operated with little to no oversight. Id.

Beginning in approximately December 2020 and extending through January 2025, Marra used Welly credit cards for numerous unauthorized personal expenses. PSR ¶ 5. In order to avoid detection of these expenses, Marra manipulated the Welly electronic record keeping system, and falsely characterized her personal expenses as business expenses. Id. As a result, Welly paid over $3 million in unauthorized personal charges on the defendant's corporate credit cards. Id. In or about January 2025, officials at Unilever, which had acquired Welly, began an investigation into certain expenses submitted by Marra that appeared suspicious. Shortly thereafter, Welly terminated the defendant's employment and counsel for Unilever referred this matter to the Federal Bureau of Investigation ("FBI").

B. Marra's Federal Case

On October 1, 2025, Marra waived indictment, and a single-count felony Information was filed against her, charging her with wire fraud, from approximately October 2020 through January 2025, in violation of 18 U.S.C. § 1343. See ECF Dkt. Nos. 4, 5. Marra was arraigned on the Information, released on certain bail conditions which remain in place, and pleaded guilty to the Information that same day, pursuant to the terms of a plea agreement, before.

The PSR calculates the defendant's total adjusted total offense level to be 20 (PSR ¶ 20); and her Criminal History Category to be I (PSR ¶ 24), resulting in an estimated Guidelines range of imprisonment of 33 – 41 months. See PSR Sent. Rec., p. 1. This Guidelines calculation is identical to that contained within the plea agreement and stipulated to by the defendant.

Probation recommended a below-Guidelines sentence of 24 month's imprisonment, to be followed by two years' supervised release. See PSR Revised Sent. Rec., p.1.

[1] Welly is a subsidiary of Unilever Global, PLC., a multinational consumer goods company headquartered in London, England.

## Discussion

### A. Applicable Law

The Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has explained, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range;" that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007). See also, Kimbrough v. United States, 552 U.S. 85, 101, 108 (2007).

After that calculation, a sentencing court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, see id. § 3553(a)(2); "the kinds of sentences available," id. § 3553(a)(3); the Guidelines range itself, see id. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

At sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

### B. A Guidelines Range Sentence is Appropriate

In light of the sentencing factors set forth above, the government respectfully submits that the Court should sentence the defendant to a Guidelines range term of imprisonment.

The nature and circumstances of this offense are no doubt serious. The defendant wrongfully used her company credit card to enrich herself and used access she had to the company's financial systems to purposefully manipulate records and hide evidence of her crimes. Indeed, for years, she edited entries reflecting personal expenses in the recordkeeping system so they would appear legitimate, which enabled her to fund her lavish lifestyle and

receive company reimbursements for otherwise non-business-related charges. In total, the defendant made unauthorized purchases totaling over $3 million. Though the defendant returned many purchases, the amount she charged to her company credit card for personal items is staggering.

The defendant's actions demonstrated a complete disregard for the possibility that her employer, Welly, would suffer financial harm as a result of her personal spending sprees. The defendant's actions and her attempt to evade accountability are even more galling given her position as the company's controller—Marra was hired to manage Welly's accounting operations, oversee financial reporting, and ensure compliance—instead, she enriched herself for years at the company's expense. Though Welly is part of a large, multinational company, the defendant's conduct still resulted in significant monetary loss.

Additionally, pursuant to § 3553(a)(2), it is important that the sentence this Court gives the defendant operates to deter not only her but others engaging in similar conduct. Relatedly, as to her history and characteristics, although the defendant was admittedly struggling with psychological issues at the time of her crime, she had the benefit of a college education, a history of regular employment, and most importantly, an extremely supportive and tight-knit family. Because the defendant was a successful person, with the benefit of higher education and strong family support, but nonetheless committed a crime of opportunity that went on for years, a sentence of merely probation would not be sufficient to reflect the seriousness of her offense or deter her and others from doing the same in the future.

To her credit, the defendant did not wait to be arrested for this crime. She promptly waived indictment, pleaded guilty, and, through defense counsel, worked with federal law enforcement to determine an accurate loss amount. Moreover, the government has learned from defense counsel that the defendant intends to make a substantial restitution payment, in the amount of $1.5 million, at or about the time of sentencing. She also remains fully compliant with the terms of her release, and, as set forth in greater detail in the Def. Mem., is committed to ongoing mental health and addiction treatment, which is commendable.

## Conclusion

For the reasons set forth above, the government respectfully requests that the Court sentence the defendant to a term of imprisonment within the applicable Guidelines range.

Respectfully submitted,

JOSEPEH NOCELLA, JR.
United States Attorney

By: /s/ Kaitlin C. McTague
Kaitlin C. McTague
Assistant U.S. Attorney
(631) 715-7878

cc: Clerk of the Court (SJB) (by ECF)
Raymond Perini (by Email and ECF)